Motaz M. Gerges, SBN 202175
LAW OFFICE OF MOTAZ M. GERGES
18543 Devonshire St., #448
Northridge, CA 91324
Telephone: (818) 943-0707
Facsimile: (818) 401-0711
mgerges@aol.com

Attorneys for Defendant,
Bassam F. Sayegh

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA EDMONDS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BASSEM F. SAYEGH, an individual;<br>SAMI'S BROTHERS, INC., a<br>California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:20-cv-06117-MWF-(KSx)<br><br>**DEFENDANT BASSEM F. SAYEGH'S ANSWER AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |

Defendant Bassem F. Sayegh, ("Sayegh") by and through the undersigned counsel, hereby answers Plaintiff, Sandra Edmonds' (Ms. "Edmonds") First Amended Complaint, ("FAC") and alleges as follows:

Although, Plaintiff is apparently disabled, she is also a sophisticated litigator. Ms. Edmonds with the assistance of her counsels, Messrs., Anoush Hakimi and Peter Shahriari of the Law Office of Hakimi and Shahriari have filed with this Court

to be exact, 50 lawsuits in the county of Los Angeles on behalf of Ms. Edmonds alone.

From East Los Angles, to West, South and North, Ms. Edmonds who is disabled has been travelling around quiet extensively; from grocery stores, to gas stations, laundry facilities, fast food restaurants, hardware stores, supermarkets and so forth; Plaintiff with the help of her counsels has filed 50 suits in Central District of California during 2020 and 2021 when everyone was running and hiding from COVID-19, Ms. Edmonds and her team of attorneys were busy filing suits 2, 3, 4, 5, and more per months.

As her attorneys describe the Plaintiff, Ms. Edmonds:

"is a cancer survivor who suffers from osteoarthritis in her knees, right hip, and lower back. Her chemotherapy treatment in 2017 exacerbated these conditions and left her with more severe chronic pain. The cartilage in both her knees has eroded and her knees frequently buckle and give out. The bones in her knees also grind on each other causing pain and impairment. Her movement and walking are greatly impaired. She relies on a walker or cane on a daily basis for mobility, and uses a wheelchair as needed." (FAC ¶ 1)

Although defendant Sayegh and his counsel sincerely sympathize with Ms. Edmonds' disabilities, she has no problem getting around from businesses to businesses and allegedly every time she visits an establishment, a lawsuit ensues for violation of American with Disability Act, ("ADA") (*see* 42 U.S.C. § 12102, *et seq.*) or the California Unruh Civil Rights Act (UCRA) (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*).

Interestingly, Ms. Edmonds used the same attorneys in order to file 50 actions against variety of establishments between 2020 and 2021 claiming the same violations and seeking the same relief; during the same time more than 536,000 innocence Americans lost their lives due to COVID-19, Ms. Edmonds and her counsels were cashing in ADA and Unruh settlements.

For the Court review and consideration, attached as Exhibit A to this Answer is a PACER list of cases Plaintiff and her attorneys filed in this district.

## I.    ANSWER TO INTRODUCTORY ALLEGATIONS

1. Defendant does not have sufficient facts to admit or deny paragraph 1 of the Complaint.
2. ADMIT
3. ADMIT
4. Not sufficient facts to Admit or Deny.
5. Plaintiff merely states legal conclusions which require no response and the provision of the ADA speak for themselves.
6. Not sufficient facts to Admit or Deny.
7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them.
8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

## II.    ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

9. Admitted that Court has subject matter jurisdiction pursuant to 28 USC 1331 1343(a)(3) American With Disability Act of 1990.
10. Deny that this Court has jurisdiction pursuant to California Unruh Civil Rights Act.
11. Admitted that venue is proper here with respect to Plaintiff's ADA claims against establishment that is located in this district. The remaining allegations in this paragraph are denied.

## III.    ANSWER TO ALLEGATIONS CONCERNING PARTIES

12. ADMIT
13. Deny.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies them.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies them.

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of the entire paragraph 19 and its violations and on that basis denies them.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies them.

22.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

23.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies them.

24.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies them.

25.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies them.

26.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them.

27.     Defendant is without information or knowledge sufficient to form a

1   belief as to the truth of the allegations of paragraph 27 and on that basis denies them.

2        28.    Defendant is without information or knowledge sufficient to form a

3   belief as to the truth of the allegations of paragraph 28 and on that basis denies them.

4        29.    Defendant is without information or knowledge sufficient to form a

5   belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

6        30.    Defendant is without information or knowledge sufficient to form a

7   belief as to the truth of the allegations of paragraph 30 and on that basis denies them.

8        31.    Defendant is without information or knowledge sufficient to form a

9   belief as to the truth of the allegations of paragraph 31 and on that basis denies them.

10        32.    Defendant is without information or knowledge sufficient to form a

11   belief as to the truth of the allegations of paragraph 32 and on that basis denies them.

## IV.   ANSWER TO FIRST CLAIM FOR RELIEF

**(Americans with Disabilities Act)**

14        33.    Defendant reincorporates his response by reference to his responses set

15   forth in the remainder of his answer.

16        34.    Plaintiff merely states legal conclusions which require no response and

17   the provision of the ADA speak for themselves.

18        35.    Denied.

19        36.    Plaintiff merely states legal conclusions which require no response and

20   the provision of the ADA speak for themselves.

21        37.    Plaintiff merely states legal conclusions which require no response and

22   the provision of the ADA speak for themselves.

23        38.    Plaintiff merely states legal conclusions which require no response and

24   the provision of the ADA speak for themselves.

25        39.    Plaintiff merely states legal conclusions which require no response and

26   the provision of the ADA speak for themselves.

27        40.    Denied.

28        41.    Denied.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies them.

43.     Plaintiff merely states legal conclusions which require no response and the provision of the ADA speak for themselves.

44.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph and on that basis denies them.

45.     Plaintiff merely states legal conclusions which require no response and the provision of the ADA speak for themselves.

46.     Denied.

47.     Plaintiff merely states legal conclusions which require no response and the provisions of the ADA and California Unruh Civil Rights Act peak for themselves.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 48 and on that basis denies them.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis denies them.

50.     Plaintiff merely seeks relief which she is not entitled to and therefore, Denied.

## V.     ANSWER TO SECOND CLAIM FOR RELIEF
### (Unruh Civil Rights Act and the Unruh Act. Cal. Civ. Code § 51-53)

51.     Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

52.     Plaintiff merely states legal conclusions which require no response and the provisions of the California Unruh Civil Rights Act peak for themselves.

53.     Plaintiff merely states legal conclusions which require no response and the provisions of the California Unruh Civil Rights Act peak for themselves.

54.   Plaintiff merely states legal conclusions which require no response and the provisions of the California Unruh Civil Rights Act peak for themselves.

55.   Plaintiff merely states legal conclusions which require no response and the provisions of the California Unruh Civil Rights Act peak for themselves.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

## VI.   ANSWER TO ALL ALLEGATIONS

60. All other allegations not specifically admitted are hereby denied.

## PRAYER:

Answering Plaintiff's prayer for relief, except as expressly admitted above, defendant denies each and every allegation, and specifically denies that Plaintiff is entitled to any relief from defendant.

## VII.   AFFIRMATIVE DEFENSES

By listing the affirmative defenses below, defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. As the facts of this action develop, defendant reserves the right to re-evaluate, restate, or delete any of the enumerated below defenses and/or to assert additional defenses and does not waive his right to assert additional defenses. Considering the above, the following affirmative defenses are asserted:

## FIRST AFFIRMATIVE DEFENSE

### (Good Faith; Compliance)

Defendant at all times acted in good faith and in compliance with the law.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Facts)

The allegations in the Complaint fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Properly Plead)

The allegations in the Complaint fail to state a claim because the claims are improperly pled.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Establish Exclusion from Participation)

The allegations in the Complaint fail under the Americans with Disabilities Act ("ADA") and applicable California law because Plaintiff cannot establish that she was excluded from participation in defendant goods, services, facilities or accommodations because of her disability.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Establish Denial of Equal Enjoyment)

The allegations contained in the Complaint fail under the ADA and applicable California law because Plaintiff cannot show that she was denied the full and equal enjoyment of defendant goods, services, facilities, and/or employment with defendant, or accommodations because of her disability by defendant by failing to make a requested reasonable modification that was necessary to accommodate Plaintiff's disability.

### SIXTH AFFIRMATIVE DEFENSE

#### (No Reasonable Modification Request)

The allegations in the Complaint fail under the ADA because Plaintiff did not request a reasonable modification that was necessary to accommodate Plaintiff's disability.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Fundamental Alteration/ Undue Burden)

The allegations in the Complaint fail under the ADA and applicable California law because implementing changes to the alleged barriers would fundamentally alter the nature of such goods, services, facilities, privileges,

advantages, or accommodations of Defendant's establishment, or would otherwise result in an undue burden.

## EIGHTH AFFIRMATIVE DEFENSE

### (Agency)

To the extent Plaintiff's claims for damages rely on acts of third part(ies) and/or Defendant' agents imputed to Defendant, the limitations inherent in general agency principles and corporate separateness prohibit recovery.

## NINTH AFFIRMATIVE DEFENSE

### (Not Malicious, Willful, or Wanton)

No act or omission of Defendant was malicious, willful, wanton, reckless or with a conscious disregard for the rights of others.

## TENTH AFFIRMATIVE DEFENSE

### (No Discrimination)

No act or omission of Defendant constituted willful or intentional discrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver/ Estoppel)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

## VIII.  ADDITIONAL AFFIRMATIVE DEFENSES

## TWELVTH AFFIRMATIVE DEFENSE

Named Plaintiff lacks standing to challenge barriers in the business she did not visit prior to the filing of the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Court lacks supplemental jurisdiction over Plaintiff's state law claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Court lacks diversity jurisdiction over Plaintiff's state law claims under the "local controversy" exception.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim under Unruh Act as against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim under Unruh and the CDPA as against Defendant.

**NINTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as indispensable party against defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because, with respect to any particular architectural element the building or the establishment that departs from accessibility guidelines, the business has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in the building or establishment built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

1    **<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

2          Plaintiffs' claims are barred because the modifications Plaintiff seeks are not

3    "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger

4    an "alteration" legal standard, including because the modifications sought will be

5    disproportionate in cost or cost in excess of 20% of the entire "alteration."

6    **<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

7          Plaintiff's claims are barred because the alterations made by building of the

8    establishment are sufficient in that they satisfy the "to the maximum extent feasible"

9    standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

10   **<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

11         Plaintiff's claims that the building or establishment were designed in violation

12   of the ADA or Title 24 are barred to the extent the establishment was designed and

13   constructed prior to the effective date of the ADA, Title 24, or their regulations.

14   **<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

15         Defendant has made good faith efforts to comply with the ADA, the Unruh

16   Act, and the California Disabled Persons Act, including providing appropriate

17   alternative access.

18   **<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

19         Plaintiff has failed to mitigate her damages, if any.

20   **<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

21         Plaintiff's claims under the Unruh Act are barred to the extent that they

22   interfere with defendant's compliance with laws and regulations that are equally

23   applicable to all persons.

24   **<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

25         The imposition of statutory minimum damages in this matter would violate

26   defendant's Eighth Amendment protection against excessive fines in violation of the

27   California Constitution and the United States Constitution.

28   ///

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTIEST AFFIRMATIVE thirtieth DEFENSE**

Defendant is not legally responsible for property that is not within his possession, custody or control.

**THIRTY-FIRST AFFIRMATIVE thirtieth DEFENSE**

The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant.

**THIRTY-SECOND AFFIRMATIVE thirtieth DEFENSE**

Defendant did not commit the alleged or any wrongful act against Plaintiff and, thus, defendant is not responsible for any alleged damages to Plaintiff.

**THIRTY-THIRD AFFIRMATIVE thirtieth DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff has not suffered any damages as a result of any action or inaction taken by defendant and, as a result, Plaintiff is barred from asserting any claims for relief against defendant.

**THIRTY-FOURTH AFFIRMATIVE thirtieth DEFENSE**

Any damages to which Plaintiff may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by defendant, and must be decreased to the extent the acts of omissions of Plaintiff, or any other third party were a cause of those damages.

**THIRTY-FIFTH AFFIRMATIVE thirtieth DEFENSE**

Plaintiff by reason of her own acts, omissions, representations, and/or course of conduct, is estopped from asserting, and has waived any right to assert, each of her respective claims against defendant.

**THIRTY-SIXTH AFFIRMATIVE thirtieth DEFENSE**

Plaintiff's Complaint is subject to a Sham Pleading Doctrine. A "sham pleading doctrine is not '"intended to prevent honest complainants from correcting erroneous allegations . . . or to prevent correction of ambiguous facts.'" [Citation.] Instead, it is intended to enable courts '"to prevent an abuse of process."'

1  [Citation.]" (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426; *Amid v.*
2  *Hawthorne Community Medical Group, Inc.* (1989) 212 Cal.App.3d 1383, 1391
3  ["'A court has inherent power by summary means to prevent an abuse of its process
4  and peremptorily to dispose of sham causes of action'"].)

5  <u>**THIRTY-SEVENH AFFIRMATIVE thirtieth DEFENSE**</u>

6       The claims of Plaintiff are barred by the fact that they are frivolous, designed
7  to harass and annoy defendant, and are not brought in good faith since Plaintiff is a
8  sophisticated litigant with numerous similar lawsuits in this county and possibly
9  other counties by which defendant would be entitled to his attorney's fees against
10  Plaintiff and her attorneys pursuant to California Civil Procedure §§ 128.5 and 128.7
11  and Rule 11 of the Federal Rules of Civil Procedure.

12

13       WHEREFORE, Defendant respectfully requests that judgment be entered in
14  his favor and for an award of costs, attorneys' fees, and such other relief as the
15  Court deems appropriate.

16

17  DATED: May 21, 2021          Respectfully Submitted,
                                     LAW OFFICE OF MOTAZ M. GERGES
18

19

20                                     By _____/s/ Motaz M. Gerges_____
21                                     Motaz M. Gerges, Attorneys for Defendant,
                                   Bassam F. Sayegh

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLAED COURT:

PLEASE TAKE NOTICE that Defendant Bassam F. Sayegh demands a trial by jury pursuant to Federal Rules of Procedure, Rule 38(b), and Local Rule 38-1.

DATED: May 21, 2021                    Respectfully Submitted,
                                       LAW OFFICE OF MOTAZ M. GERGES


                                       By _____/s/ Motaz M. Gerges_____
                                       Motaz M. Gerges, Attorneys for Defendant,
                                       Bassam F. Sayegh

# EXHIBIT A

| Number | Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|--------|-----------|-------------|-----------|-------|-----------|-------------|
| 1 | Edmonds, Sandra (pla) | 2:2020cv05747 | Sandra Edmonds v. Wallace F. Lee et al | California Central District Court | 06/26/2020 | 08/25/2020 |
| 2 | Edmonds, Sandra (pla) | 2:2020cv05749 | Sandra Edmonds v. Maria L. Alva et al | California Central District Court | 06/26/2020 | 11/06/2020 |
| 3 | Edmonds, Sandra (pla) | 2:2020cv05751 | Sandra Edmonds v. PAC RE MGMT LLC et al | California Central District Court | 06/26/2020 | 03/10/2021 |
| 4 | Edmonds, Sandra (pla) | 2:2019cv10903 | Sandra Edmonds v. 3828 Slauson, LLC et al | California Central District Court | 12/27/2019 | 02/20/2020 |
| 5 | Edmonds, Sandra (pla) | 2:2019cv10905 | Sandra Edmonds v. Ibrahim Mekhail et al | California Central District Court | 12/27/2019 | 01/15/2020 |
| 6 | Edmonds, Sandra (pla) | 2:2020cv00247 | Sandra Edmonds v. Burger King Corporation et al | California Central District Court | 01/09/2020 | 06/22/2020 |
| 7 | Edmonds, Sandra (pla) | 2:2020cv00250 | Sandra Edmonds v. B.P. Patrick Property LLC et al | California Central District Court | 01/09/2020 | 08/27/2020 |
| 8 | Edmonds, Sandra (pla) | 2:2020cv00382 | Sandra Edmonds v. Furst Enterprises Group F LLC et al | California Central District Court | 01/14/2020 | 03/18/2020 |
| 9 | Edmonds, Sandra (pla) | 2:2020cv00387 | Sandra Edmonds v. Labrea Adams LLC et al | California Central District Court | 01/14/2020 | 05/05/2020 |
| 10 | Edmonds, Sandra (pla) | 2:2020cv00433 | Sandra Edmonds v. Patrick Cheek et al | California Central District Court | 01/15/2020 | 08/21/2020 |
| 11 | Edmonds, Sandra (pla) | 2:2020cv00437 | Sandra Edmonds v. W/J Commercial Venture, L.P. et al | California Central District Court | 01/15/2020 | 09/17/2020 |
| 12 | Edmonds, Sandra (pla) | 2:2020cv00438 | Edmonds v. Kornland Building et al | California Central District Court | 01/15/2020 | 01/21/2020 |
| 13 | Edmonds, Sandra (pla) | 2:2020cv00441 | Sandra Edmonds v. Kornland Building et al | California Central District Court | 01/15/2020 | 05/20/2020 |
| 14 | Edmonds, Sandra (pla) | 2:2020cv00442 | Sandra Edmonds v. RA2 Pasadena LLC et al | California Central District Court | 01/15/2020 | 09/09/2020 |
| 15 | Edmonds, Sandra (pla) | 2:2020cv00447 | Sandra Edmonds v. Capri Urban Baldwin LLC et al | California Central District Court | 01/15/2020 | 04/15/2020 |
| 16 | Edmonds, Sandra (pla) | 2:2020cv00782 | Sandra Edmonds v. Brentwood Jefferson LLC et al | California Central District Court | 01/24/2020 | 08/06/2020 |
| 17 | Edmonds, Sandra (pla) | 2:2020cv00783 | Sandra Edmonds v. Charles E. Williams et al | California Central District Court | 01/24/2020 | 09/08/2020 |
| 18 | Edmonds, Sandra (pla) | 2:2020cv00784 | Sandra Edmonds v. Sang K. Kim et al | California Central District Court | 01/24/2020 | 05/26/2020 |
| 19 | Edmonds, Sandra (pla) | 2:2020cv00890 | Sandra Edmonds v. EM and D, LLC et al | California Central District Court | 01/28/2020 | 08/26/2020 |
| 20 | Edmonds, Sandra (pla) | 2:2020cv00233 | Sandra Edmonds v. Irvin Lai Lo-Temp Refrigeration and Co., INC et al | California Central District Court | 01/08/2020 | 07/22/2020 |
| 21 | Edmonds, Sandra (pla) | 2:2020cv01049 | Sandra Edmonds v. James A. Collins et al | California Central District Court | 01/31/2020 | 09/29/2020 |
| 22 | Edmonds, Sandra (pla) | 2:2020cv01050 | Sandra Edmonds v. Cameo Properties LLC et al | California Central District Court | 01/31/2020 | 06/11/2020 |
| 23 | Edmonds, Sandra (pla) | 2:2020cv03076 | Sandra Edmonds v. Jack In The Box Inc. et al | California Central District Court | 04/02/2020 | |
| 24 | Edmonds, Sandra (pla) | 2:2020cv03077 | Sandra Edmonds v. Lisa E. Morita et al | California Central District Court | 04/02/2020 | 07/30/2020 |
| 25 | Edmonds, Sandra (pla) | 2:2020cv03078 | Sandra Edmonds v. Brian D. Carey et al | California Central District Court | 04/02/2020 | |
| 26 | Edmonds, Sandra (pla) | 2:2020cv03248 | Sandra Edmonds v. Delahoussaye Property LLC et al | California Central District Court | 04/07/2020 | 10/29/2020 |
| 27 | Edmonds, Sandra (pla) | 2:2020cv03306 | Sandra Edmonds v. Granny Franny Properties LLC et al | California Central District Court | 04/09/2020 | 06/29/2020 |
| 28 | Edmonds, Sandra (pla) | 2:2020cv03307 | Sandra Edmonds v. K Y S Enterprise, INC. et al | California Central District Court | 04/09/2020 | 08/20/2020 |
| 29 | Edmonds, Sandra (pla) | 2:2020cv03309 | Sandra Edmonds v. VV3 LLC et al | California Central District Court | 04/09/2020 | 06/12/2020 |
| 30 | Edmonds, Sandra (pla) | 2:2020cv03310 | Sandra Edmonds v. 4051 Ardmore LLC et al | California Central District Court | 04/09/2020 | |

| Number | Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 31 | Edmonds, Sandra (pla) | 2:2020cv03311 | Sandra Edmonds v. 198 E. Redlands Blvd. LLC et al | California Central District Court | 04/09/2020 | 08/21/2020 |
| 32 | Edmonds, Sandra (pla) | 2:2020cv04840 | Edmonds v. 8 LA Pizzas LLC et al | California Central District Court | 05/29/2020 | 06/04/2020 |
| 33 | Edmonds, Sandra (pla) | 2:2020cv05292 | Sandra Edmonds v. Pablo Perez et al | California Central District Court | 06/14/2020 | 09/21/2020 |
| 34 | Edmonds, Sandra (pla) | 2:2020cv05293 | Sandra Edmonds v. Burlington Capital LP et al | California Central District Court | 06/14/2020 | 12/28/2020 |
| 35 | Edmonds, Sandra (pla) | 2:2020cv05812 | Sandra Edmonds v. Expo-Bach, LLC et al | California Central District Court | 06/29/2020 | 08/28/2020 |
| 36 | Edmonds, Sandra (pla) | 2:2020cv06117 | Sandra Edmonds v. Bassem F. Sayegh et al | California Central District Court | 07/09/2020 | |
| 37 | Edmonds, Sandra (pla) | 2:2020cv06118 | Sandra Edmonds v. Prove Em Investments LLC, et al | California Central District Court | 07/09/2020 | 08/19/2020 |
| 38 | Edmonds, Sandra (pla) | 2:2020cv06188 | Sandra Edmonds v. The Coliseum Center LLC et al | California Central District Court | 07/10/2020 | 01/25/2021 |
| 39 | Edmonds, Sandra (pla) | 2:2020cv06189 | Sandra Edmonds v. John W. Bartlett et al | California Central District Court | 07/10/2020 | 12/07/2020 |
| 40 | Edmonds, Sandra (pla) | 2:2020cv07442 | Sandra Edmonds v. Sterik West Slauson, LP et al | California Central District Court | 08/18/2020 | 02/04/2021 |
| 41 | Edmonds, Sandra (pla) | 2:2020cv08278 | Sandra Edmonds v. Bakewell Hawthorne LLC et al | California Central District Court | 09/10/2020 | |
| 42 | Edmonds, Sandra (pla) | 2:2020cv06115 | Sandra Edmonds v. MCS Fox Hills Plaza LLC et al | California Central District Court | 07/09/2020 | 10/02/2020 |
| 43 | Edmonds, Sandra (pla) | 2:2021cv00168 | Sandra Edmonds v. David Gramercy LLC et al | California Central District Court | 01/08/2021 | 02/12/2021 |
| 44 | Edmonds, Sandra (pla) | 2:2021cv00236 | Sandra Edmonds v. Manchester Aviation, LLC et al | California Central District Court | 01/11/2021 | 04/20/2021 |
| 45 | Edmonds, Sandra (pla) | 2:2021cv00242 | Sandra Edmonds v. McDonalds Corporation et al | California Central District Court | 01/11/2021 | |
| 46 | Edmonds, Sandra (pla) | 2:2021cv00256 | Sandra Edmonds v. Home Depot U.S.A. Inc. et al | California Central District Court | 01/12/2021 | |
| 47 | Edmonds, Sandra (pla) | 2:2021cv00258 | Sandra Edmonds v. Kissinger Properties et al | California Central District Court | 01/12/2021 | 02/10/2021 |
| 48 | Edmonds, Sandra (pla) | 2:2021cv00261 | Sandra Edmonds v. Barchester California, LP et al | California Central District Court | 01/12/2021 | |
| 49 | Edmonds, Sandra (pla) | 2:2021cv00285 | Sandra Edmonds v. Byung P Kwon et al | California Central District Court | 01/12/2021 | 05/07/2021 |
| 50 | Edmonds, Sandra (pla) | 2:2021cv00580 | Sandra Edmonds v. Big Lots Stores, Inc. et al | California Central District Court | 01/21/2021 | |

EXHIBIT "A"-16